[DO NOT PUBLISH]

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10697

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSE CUERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:06-cr-00379-JSM-EAJ-3

_____

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Jose Cuero appeals *pro se* the denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Cuero argues that the district court erred by relying on the policy statement in section 1B1.13 of the Sentencing Guidelines to determine that he failed to identify extraordinary and compelling reasons for early release. U.S.S.G. § 1B1.13 & cmt. n.1. We affirm.

Cuero moved for compassionate release based on his "issues involving body pain and swelling" and medication that compromised his immune system and increased his risk of medical complications from COVID-19. The government responded that Cuero's ailments did not constitute extraordinary and compelling reasons to justify early release under section 1B1.13. The government submitted Cuero's medical records, which established that he suffered from dermatitis, foot pain, heartburn, red eye, and athlete's foot.

The district court denied Cuero's motion. The district court found that Cuero's medical "records show[ed] that [he] is healthy" and that his "few minor health problems . . . would [not] prevent him from selfcare" in prison. The district court ruled that no extraordinary and compelling reasons existed to release Cuero because his "medical status [is] Care Level 1," "which [is] the lowest and least serious of the four . . . [healthcare] categories" established

by the Bureau of Prisons for inmates who "are generally healthy, under 70 years of age, and may have limited medical needs requiring clinician evaluation and monitoring."

Cuero's argument that the district court was not bound by the policy statement in section 1B1.13 is foreclosed by precedent. In *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), we held that the policy statement in section 1B1.13 governs a motion for compassionate release and that a district court cannot "develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1247–48. Cuero does not dispute that none of his medical conditions qualified as extraordinary and compelling enough to warrant early release under section 1B1.13. "[D]istrict courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Id.* at 1262. So, the district court correctly denied Cuero's motion.

We **AFFIRM** the denial of Cuero's motion for compassionate release.